NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0097n.06

No. 17-2487

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Feb 28, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| SPENCER TROY WARD, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: KETHLEDGE, WHITE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. In April 2016, Spencer Ward was indicted for several drug crimes. As part of the indictment, the government sought a money judgment and forfeiture of real property. A few months later, Ward was indicted again for dealing drugs while he was on pretrial release. Ward ultimately pled guilty to conspiracy to manufacture, distribute, or possess with intent to distribute 100 or more marijuana plants and 100 or more kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(vii). The government then moved for preliminary orders of forfeiture, seeking a money judgment of about $475,000 and forfeiture of a lot in Bruce Crossing, Michigan. Ward opposed both motions.

After a hearing, the magistrate judge recommended that the district court grant the government's forfeiture motions. The magistrate judge's report told the parties that they had fourteen days to file objections to the report and that failure to file timely objections would waive the right to appeal to this court. Neither party objected during the fourteen-day window. The

district court then adopted the report and recommendation, and granted the government's forfeiture motions. The next month, the district court sentenced Ward to 150 months' imprisonment. This appeal followed.

On appeal, Ward challenges both the district court's money judgment and the forfeiture of the lot in Bruce Crossing. Ward concedes that he waived his right to appeal to this court when he failed to object to the magistrate judge's report and recommendation. *See* Reply Br. at 2. He asks this court to excuse his waiver, however, because his counsel allegedly provided ineffective assistance. *See United States v. Lucas*, 640 F.3d 168, 173 (6th Cir. 2011).

We usually hear ineffective-assistance claims through a petition under 28 U.S.C. § 2255, rather than through a direct appeal, because the district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation[.]" *Massaro v. United States*, 538 U.S. 500, 505 (2003). Thus, a defendant generally "may not raise ineffective assistance of counsel claims for the first time on direct appeal[.]" *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (brackets and internal quotation marks omitted). Ward offers no good reason to depart from that rule here. Indeed, he concedes that he will be able to litigate his claim on collateral review. And given "the limited record on direct appeal, 'we have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse.'" *Id.* at 763 (quoting *Massaro*, 538 U.S. at 505). We therefore decline to excuse the waiver here.

The district court's judgment is affirmed.